United States District Court
Southern District of Texas
**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIO CESAR HERNANDEZ-SALINAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00200 |
| | § | |
| JERRY SANCHEZ,[1] | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Julio Cesar Hernandez-Salinas is an inmate in the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On August 23, 2022, Petitioner, proceeding *pro se*, filed a *habeas* petition under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that the TDCJ is violating his due process and equal protection rights by wrongfully holding him in custody and requests that he be released on parole. *Id.* It is plain from the filings that Petitioner is not entitled to relief. Accordingly, the undersigned recommends that Petitioner's habeas petition be DISMISSED prior to service under the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases.[2]

---

[1] Petitioner identifies TDCJ Region VI director Jerry Sanchez as the Respondent, however, the McConnell Unit is not overseen by the Region VI director. *See* Doc. No. 1, p. 1; Texas Department of Criminal Justice, *Region VI Director's Office*, https://www.tdcj.texas.gov/unit_directory/reg6.html (last visited Oct. 5, 2022). Elbert Holmes, Senior Warden of the McConnell Unit, has custody of petitioner and would be the appropriate respondent in this action. *See* Texas Department of Criminal Justice, *McConnell*, https://www.tdcj.texas.gov/unit_directory/ml.html (last visited Oct. 5, 2022).

[2] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. R. Gov. § 2254 Cases 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

### A. *Procedural history and summary of Petitioner's filing.*

On July 18, 2014, Petitioner was sentenced to 40 years' imprisonment in Montgomery County, Texas for possession with intent to manufacture or deliver a controlled substance.[3] Petitioner became eligible for parole on April 3, 2018.[4] Petitioner's projected release date is April 4, 2030.[5]

On or about June 14, 2021, Petitioner filed a state habeas petition in the 435th District Court of Montgomery County, Texas. (Doc. No. 1, p. 5; Doc. No. 1-1, pp. 10-30.) In August 2021, the petition was denied. (Doc. No. 1, p. 5; Doc. No. 1-1, pp. 5-9.) The written order specified: (1) there are no unresolved issues of fact material to the legality of Petitioner's conviction and sentence; (2) Petitioner has no general liberty interest in release on parole; (3) the decision to release or not release Petitioner remains in the sound discretion of the Board of Pardons and Paroles; and (4) Petitioner's ground for relief is not cognizable. (Doc. No. 1-1, pp. 6, 8.) The issue raised in that petition was the same issue raised in the instant petition. *Id.* at 15, 29-30. Petitioner challenges the "continued denial of release to parole, after having completed all required individual treatment plan requirements and prerelease conditions." (Doc. No. 1, pp. 2, 5 (cleaned up).)

---

[3] Texas Department of Criminal Justice, *TDCJ Inmate Information Details* (SID No. 04557627), https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04557627 (last visited Oct. 5, 2022).

[4] *Id.* "The [Texas Board of Pardons and Paroles] has complete discretion in parole decisions." Texas Department of Criminal Justice, *Definitions & Acronyms* (Parole Eligibility), https://www.tdcj.texas.gov/definitions/index.html#Eligibility (last visited Oct. 5, 2022).

[5] *See TDCJ Inmate Information Details* (SID No. 04557627), *supra* n.2.

According to Petitioner, the Texas Board of Pardons and Paroles[6] voted for Petitioner to be placed in a prerelease program that requires the release of persons who complete the program. (Doc. No. 1, p. 6.)  Petitioner asserts that "[t]he individual treatment plan and completion of prerelease programs create a liberty interest under [the] 14th Amendment."[7]  *Id.* at 8 (cleaned up).  Because Petitioner has allegedly completed all his conditions for release, he now requests release.  *Id.*  Petitioner also requests a declaratory judgment stating, generally, that Petitioner is entitled to release under the 14th Amendment and that his right to release is a liberty interest.  *Id.* at 7, 9.

In addition to setting forth his claim, Petitioner attempts to add the TDCJ director[8] and San Antonio Parole Board Commissioner Charles Speier[9] as co-defendants under Rule 19.[10]  (Doc. No. 1, p. 8.)  As mentioned above, Petitioner also requests a declaratory judgment under Federal Rules of Civil Procedure 7 and 57, and 28 U.S.C. § 2201.[11]  *Id.* at 9.  Finally, Petitioner

---

[6]  The Texas Board of Pardons and Paroles "decides which eligible offenders to release on parole or discretionary mandatory supervision, and under what conditions" based on weighing "each offender's likelihood for a successful parole against the risk to society."  *Texas Board of Pardons and Paroles*, https://www.tdcj.texas.gov/bpp/ (last visited Oct. 5, 2022).

[7]  Petitioner also briefly mentions the "equal protection of the law" clause but does not expand upon this secondary claim.  (Doc. No. 1, p. 8.)  The Court finds that Petitioner has waived any equal protection claim by failing to brief it.

[8]  Petitioner identifies Lorie Davis as the TDCJ director, but the current TDCJ director is Bobby Lumpkin.  *Compare Williams v. Davis*, 672 F. App'x 449 (5th Cir. 2016) (listing Lorie Davis as the TDCJ director in 2016) *with* Texas Department of Criminal Justice, *Correctional Institutions Division*, https://www.tdcj.texas.gov/divisions/cid/index.html (last visited Oct. 5, 2022) (showing Bobby Lumpkin as the current TDCJ director).  The Court may automatically substitute a current public officer as the appropriate party.  *See* Fed. R. Civ. P. 25(d).

[9]  Petitioner names "Chuck Speir," but it appears Petitioner meant Charles Speier.  *See* Texas State Directory, *Pardons and Paroles, Texas Board of (BPP)*, https://www.txdirectory.com/online/abc/detail.php?id=95 (last visited Oct. 5, 2022); Doc. No. 1, p. 8.

[10]  Federal Rule of Civil Procedure 19 relates to the required joinder of parties, which is irrelevant to a § 2241 petition.

[11]  Rule 7 lists the civil pleadings allowed in federal court and the form of motions and other papers.  Rule 57 "govern[s] the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."

moves for joinder of claims under Rule 18,[12] apparently seeking to join his petition seeking release from custody with his motion for a declaratory judgment. *Id.* at 8-9.

### *B. Discussion.*

Petitioner claims that because the Board of Pardons and Paroles voted for prerelease, and because Petitioner allegedly completed his individual treatment plan, that now, based upon his liberty interest, Petitioner is entitled to release. (Doc. No. 1, p. 8.) However, a § 2241 petition is not the appropriate jurisdictional vehicle to pursue such a claim. And even if it were, there is no evidence showing Petitioner is entitled to release.

Habeas relief under § 2241 is not available to a prisoner unless, among other things, he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). And in Texas, there is no constitutional expectancy of parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)). Thus, Texas parole statutes do not confer a liberty interest in parole that is protected by 14th Amendment due process. *See Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) ("[B]ecause [the plaintiff] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."). In sum, because Petitioner has no constitutional right to be released before the full completion of his

---

[12] Federal Rule of Civil Procedure 18 states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Because Petitioner pursues relief through a § 2241 petition, this rule is inapplicable.

sentence, Petitioner's assertions do not allege a constitutional violation.  *See id.*  Therefore, Petitioner's claim cannot be raised under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(c)(3).

Some inmates are entitled to early release under a mandatory supervised release program[13] and the Fifth Circuit has determined that prisoners have a constitutional expectation of early release under such programs, thus creating a liberty interest with respect to their good time.  *Teague v. Quarterman*, 482 F.3d 769, 775-76 (5th Cir. 2007) (citing *Madison*, 104 F.3d at 769; *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000)).  There is such a "mandatory supervision" program in Texas, *see* Tex. Gov't Code § 508.147, but Petitioner is not eligible for that program.  In Texas, prisoners may not be released to "mandatory supervision" if a parole panel determines that "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public."  Tex. Gov't Code § 508.149(b).  This determination is not subject to judicial review.  *Id.* at § 508.149(d).  Here, Petitioner was last denied parole on November 10, 2021.[14]  (Doc. No. 1-1, p. 2.)  The reasons for denial were: (1) Petitioner has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release; (2) the nature of Petitioner's offense indicates that Petitioner poses a continuing threat to public safety; (3) Petitioner's offense involved excessive substance use; (4) Petitioner's length of time served is not congruent with the offense severity and his criminal history; and (5) illegal entry after removal or an ICE

---

[13] "Mandatory supervision is the release of an eligible prisoner … so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division."  *Malchi*, 211 F.3d at 957 (quoting *Madison*, 104 F.3d at 768) (internal quotation marks omitted).

[14] Petitioner's next parole review date is in November 2022.  *See* Texas Department of Criminal Justice, *Last Parole Decision*, https://inmate.tdcj.texas.gov/InmateSearch/reviewDetail.action?sid=04557627&tdcj=01944558&fullName=HERNANDEZ-SALINAS%2CJULIO+CESAR (last visited Oct. 5, 2022).

detainer.  *Id.*  Therefore, despite the existence of a mandatory supervised release program in Texas, the evidence in this case indicates that Petitioner himself is not entitled to release under any such program.

Petitioner also cites two cases, *Hewitt v. Helms*, 459 U.S. 460, 472 (1983) and *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989), in support of his petition, but neither are relevant to Petitioner's assertions.[15]  Petitioner also cites section 508.152(d) of the Texas Government Code, to show that "[b]efore the inmate is approved for release on parole, the inmate must agree to participate in the programs and activities described by the individual treatment plan."  That provision, however, does not support Petitioner's claim that he is entitled to relief – it merely requires that an inmate agree to the treatment plan before being approved for release on parole.

Petitioner has no constitutional right to be released before the end of his 40-year sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(c)(3).  And, based on the parole panel's determination, Petitioner is not entitled to any mandatory release.

---

[15] *Hewitt* discusses procedural safeguards relating to administrative segregation.  *See generally* 459 U.S. 460. *Thompson*, meanwhile, held that inmates do not possess a liberty interest in open visitation, not that inmates possess a liberty interest in being released on parole.  *See* 490 U.S. at 463-65.

### C. *Conclusion and recommendation.*

The undersigned recommends that Petitioner's § 2241 petition (Doc. No. 1) be DISMISSED under the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases. The undersigned further recommends that all motions contained in Petitioner's action (*see* Doc. No. 1, pp. 8-9) be DENIED as moot.

SIGNED on October 6, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge

### NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).